# Exhibit A

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 1

FILED
1/18/2024 4:49 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH00349
Calendar, 1
26031743

FILED DATE: 1/18/2024 4:49 PM   2024CH00349

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

JOHN DALY,

_____

Plaintiff(s)

v.

THE WONDERFUL COMPANY LLC

_____

Defendant(s)

c/o: the Corporation Trust Company, Reg.
Agent, 1209 Orange St Wilmington DE 19801

_____

Address of Defendant(s)

Case No. 2024CH00349

Please serve as follows (check one):   ○ Certified Mail   ◉ Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE.** You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

Date Served: 1/24/24   Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
Time Served:
CT SERVED   WB
10300555   2 15 pm

cookcountyclerkofcourt.org

Page 1 of 3

**Summons - Alias Summons** (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www. illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

---

⦿ Atty. No.: 63294

◯ Pro Se 99500

Name: Steven Perry, Law Offices of Todd Friedman

Atty. for (if applicable):

John Daly, Plaintiff

Address: 707 Skokie Blvd., Suite 600

City: Northbrook

State: IL    Zip: 60062

Telephone: 224-218-0875

Primary Email: steven.perry@toddflaw.com

Witness date _____

1/18/2024 4:49 PM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of C

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

FILED DATE: 1/18/2024 4:49 PM   2024CH00349

FILED DATE: 1/18/2024 4:49 PM   2024CH00349

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
              OR
              ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES
### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

**12-Person Jury**

Hearing Date: 5/20/2024 10:00 AM
Location: Richard J Daley Center
Judge: Wilson, Thaddeus L

FILED
1/18/2024 4:21 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH00349
Calendar, 1
26031005

FILED DATE: 1/18/2024 4:21 PM  2024CH00349

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

| | |
|---|---|
| JOHN DALY, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. **2024CH00349** |
| v. | **CLASS ACTION COMPLAINT** |
| THE WONDERFUL COMPANY LLC | **JURY DEMANDED** |
| Defendant. | |

Now come the Plaintiff, John Daly ("Plaintiff"), individually and on behalf of all others similarly situated, by and through their attorneys, and for their Class Action Complaint against the Defendant, THE WONDERFUL COMPANY LLC, ("Defendant"), Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.      This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of Illinois Consumer Fraud and Deceptive Businesses Practices Act ("ILCFA"), 815 ILCS 505/1 *et seq*., common law fraud, and unjust enrichment, resulting from the illegal actions of Defendant, in intentionally labeling its Products as Natural Artisan Water, when they contain microplastics. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

FILED DATE: 1/18/2024 4:21 PM   2024CH00349

## PARTIES

2.     Plaintiff John Daly is an individual who resides in Chicago, Illinois.

3.     Defendant is a Delaware corporation, whose principal place of business is located in Los Angeles, California.

4.     At all times relevant hereto, Defendant was engaged in the marketing and sale of bottled water.

## FACTS COMMON TO ALL COUNTS

5.     Defendant advertises, markets, sells, and distributes bottled water throughout Illinois and the United States.

6.     During the Class Period Defendant sold Fiji bottled water (the "Products") labeled, marketed, and advertised as "Natural Artisan Water" but which actually contained microplastics.

7.     Microplastics are small sized plastic particles that originate from manufacturing and physical degradation of plastics. Microplastics encompass a variety of different molecules with different structures, shapes, sizes, and polymers.

8.     Microplastics are not naturally occurring. Instead, microplastics are typically made from polypropylene, polyethylene, polystyrene, and other synthetic polymers. [1]

9.     Microplastics can leach into the water from the bottle, and consumers are exposed to additives, processing aid, and unreacted monomers.[2]

---

[1] Md. Iftakharul Muhib, Md. Khabir Uddin, Md. Mostafizur Rahman, and Guilherme Malafaia, "Occurrence of microplastics in tap and bottled water, and food packaging: A narrative review on current knowledge," *Science of The Total Environment* (2022), http://dx.doi.org/10.1016/j.scitotenv.2022.161274.

[2] *Id; Winkler, A., Santo, N., Ortenzi,M.A., Bolzoni, E., Bacchetta, R., Tremolada, P., 2019. Does mechanical stress cause microplastic release from plastic water bottles? Water Res. 166, 115082*

2

FILED DATE: 1/18/2024 4:21 PM  2024CH00349

10. In 2018 Orb Media commissioned a global study on synthetic microplastic contamination in bottled water.[3] The study was performed at the Mason lab at State University of New York at Fredonia, Department of Geology & Environmental Sciences. The study tested 259 individual bottles from 27 different lots across 11 brands purchased from 19 locations in 9 countries. Ninety-three percent, ("93%"), of bottled water showed signs of microplastic contamination.

11. A study conducted in 2019 found the origin of bottled microplastics in drinking water due to mechanical stress.[4] They proposed that the main mechanical reason for bottled water contamination originated from releasing microplastic particles from the bottleneck and plastic cap by frequent opening and closing.

12. Microplastic contamination in the Products is possible at various manufacturing levels and as a result of usage by reasonable consumers.[5]

13. Toxic effects of microplastics on the physiology and behavior of marine invertebrates have been extensively documented.[6] Similar effects have also been observed in larger marine vertebrates such as fish. Furthermore, recent studies using mouse models have reported potential effects of Microplastics on mammalian gut microbiota, as well as cellular and metabolic

---

[3] Orb Media, "Plus Plastic," Orb Media (2023), available at https://orbmedia.org/plus-plastic.

[4] Winkler, A., Santo, N., Ortenzi,M.A., Bolzoni, E., Bacchetta, R., Tremolada, P., 2019. Does mechanical stress cause microplastic release from plastic water bottles? Water Res. 166, 115082.

[5] See Md. Iftakharul Muhib, Md. Khabir Uddin, Md. Mostafizur Rahman, and Guilherme Malafaia, "Occurrence of microplastics in tap and bottled water, and food packaging: A narrative review on current knowledge," *Science of The Total Environment* (2022), http://dx.doi.org/10.1016/j.scitotenv.2022.161274.

[6] Damià Barceló, Yolanda Picó, & Ahmed H. Alfarhan, *Microplastics: Detection in human samples, cell line studies, and health impacts*, Environmental Toxicology and Pharmacology (2023), https://doi.org/10.1016/j.etap.2023.104204; Grote, K., Brüstle, F., Vlacil, A.K., 2023. Cellular and systemic effects of micro- and nanoplastics in mammals—whatwe know so far. Materials 16, 3123. https://doi. org/10.3390/ma16083123;

3

FILED DATE: 1/18/2024 4:21 PM    2024CH00349

toxicity in the host.[7] However, the pathophysiological consequences of acute and chronic exposure to microplastics in mammalian systems, particularly in humans, are not yet fully understood.[8]

14.    After being absorbed, Microplastics have the potential to be transported through the circulatory system and subsequently accumulate in various organs, including the kidney, gut, and liver.[9] Thus, the effects on several blood and the immune system cell lines have been widely reported for several Microplastics. Moreover, Microplastics exhibit a "Trojan Horse" effect by absorbing and transporting various environmental pollutants.[10]

15.    Studies indicate that exposure to microplastics through ingestion can lead to gastrointestinal problems such as irritable bowel syndrome; endocrine disruption such as adverse effects on hormonal balance and reproductive function; and cardiovascular problems such as increase of oxidative stress and impaired regular heart function.[11]

16.    Microplastics contamination is a material concern to Plaintiff and other reasonable consumers.

17.    Bottled water that is contaminated with microplastics is not natural.

18.    The Food and Drug Administration ("FDA") has not officially defined the term "natural" and has not promulgated an official rule regarding the use of the term "natural."

---

[7] Yong, C.Q.Y., Valiyaveettil, S., Tang, B.L., 2020. Toxicity of microplastics and nanoplastics in mammalian systems. Int. J. Environ. Res. Public Health 2020 Vol. 17, 1509. https://doi.org/10.3390/IJERPH17051509.

[8] Damià Barceló, Yolanda Picó, & Ahmed H. Alfarhan, *Microplastics: Detection in human samples, cell line studies, and health impacts*, Environmental Toxicology and Pharmacology (2023), https://doi.org/10.1016/j.etap.2023.104204

[9] Id.

[10] Id.

[11] Ebuka Chizitere Emenike et al., *From Oceans to Dinner Plates: The Impact of Microplastics on Human Health*, Volume 9, issue 10, Heliyon, 2023, https://www.sciencedirect.com/science/article/pii/S240584402307648X

19.     Furthermore, FDA has considered the term "natural" to mean that nothing artificial or synthetic (including all color additives regardless of source) has been included in, or has been added to, a food that would not normally be expected to be in that food.[12]

20.     Microplastics are not expected to be in food or water.

21.     Plaintiff, and reasonable consumers, do not expect "Natural" water products to contain microplastics.

22.     The following picture includes an example of Defendant's fraudulent labeling:

 

23.     Yet, when consumers drink Defendant's Products, they are consuming synthetic plastic particles.

24.     On December 17, 2022, Plaintiff purchased one case of Products labeled, marketed, and sold as "Natural Artisan Water", from a Meijer.

25.     Plaintiff's Products contained microplastics despite being labeled Natural Artisan Water.

26.     Persons, like Plaintiff herein, have an interest in purchasing products that do not contain false and misleading claims with regards to the contents of the Products.

---

[12] U.S. Food and Drug Administration, "Use of the Term 'Natural' on Food Labeling," FDA (2023), available at https://www.fda.gov/food/food-labeling-nutrition/use-term-natural-food-labeling.

5

FILED DATE: 1/18/2024 4:21 PM   2024CH00349

27.     By making false and misleading claims about the contents of its Products, Defendant impaired Plaintiff's ability to choose the type and quality of products he chose to buy.

28.     Therefore, Plaintiff has been deprived of his legally protected interest to obtain true and accurate information about their consumer products as required by law.

29.     As a result of Defendant's fraudulent labeling, Plaintiff and the Class have been misled into purchasing Products that did not provide them with the benefit of the bargain they paid money for, namely that the Products were Natural Artisan Water.

30.     As a result of Defendant's fraudulent labeling, Plaintiff and the Class paid a price premium for premium Products, but instead received non-premium Products.

31.     Plaintiff and the Class purchased Defendant's Products because Defendant's advertising claimed that the Products were Natural Artisan Water.

32.     Due to Defendant's intentional, deceitful practice of falsely labeling the Products as Natural Artisan Water, Plaintiff could not have known that the Products contained microplastics.

33.     Plaintiff was unaware that the Products contained microplastics when he purchased them.

34.     Worse than the lost money, Plaintiff, the Class, and Sub-Class were deprived of their protected interest to choose the type and quality of products they ingest.

35.     Defendant, and not Plaintiffs, the Class, or Sub-Class, knew or should have known that labeling, marketing, and selling the Products as Natural Artisan Water was false, deceptive, and misleading, and that Plaintiff, the Class, and Sub-Class members would not be able to tell the Products they purchased contained microplastics unless Defendant expressly told them.

FILED DATE: 1/18/2024 4:21 PM  2024CH00349

36.     Defendant knew that the Products contained microplastics but chose to label the Products with Natural Artisan Water labeling anyway to induce consumers to purchase the Products.

37.     Furthermore, copious research has shown the deleterious effects of plastic bottles on both the environment and human health, yet Defendant continues to bottle its water in plastic and continues to label the Products as Natural.[13]

38.     As a result of Defendant's acts and omissions outlined above, Plaintiffs have suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a.     Lost money;

    b.     Wasting Plaintiffs' time; and

    c.     Stress, aggravation, frustration, loss of trust, loss of serenity, and loss of confidence in product labeling.

## CLASS ALLEGATIONS

39.     Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased the Products within five years prior to the filing of the Complaint through the date of class certification.

40.     Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the proposed sub-class (the "Sub-Class"), defined as follows

---

[13] ABC7 News, "Nanoplastics found in bottled water and the bloodstream, study says," ABC7 News (2023), available at https://abc7news.com/nanoplastics-bottled-water-bloodstream-plastic/14302293/.

7

FILED DATE: 1/18/2024 4:21 PM 2024CH00349

> All persons within the State of Illinois who purchased the Products within five years prior to the filing of the Complaint through the date of class certification.

41.     The Class and the Sub-Class satisfy all of the requirements of the Illinois Code of Civil Procedure for maintaining a class action, specifically:

a.     Upon information and belief, the Class and the Sub-Class are so numerous that joinder of all members is impracticable. On information and belief there are hundreds, if not thousands of individuals in the United States and the State of Illinois who purchased the products within the applicable statute of limitations period.

b.     There are questions of fact and/or law which are common to the Class and the Sub-Class, and which predominate over questions affecting any individual Class or Sub-Class members. These common questions of fact and law include, but are not limited to:

i.     Whether Defendant disseminated false and misleading information by claiming the Products are "Natural Artisan Water";

ii.     Whether the Class and Sub-Class members were informed that the Products contained microplastics;

iii.     Whether the Products contained microplastics;

iv.     Whether Defendant's conduct was unfair and deceptive;

v.     Whether Defendant unjustly enriched itself as a result of the unlawful conduct alleged above;

vii.     Whether there should be a tolling of the statute of limitations; and

8

FILED DATE: 1/18/2024 4:21 PM  2024CH00349

       viii.    Whether the Class and Sub-Class members are entitled to restitution, actual damages, punitive damages, and attorneys' fees and costs.

c.    Plaintiff's claims are typical of the Class and the Sub-Class, which all arise from the same operative set of facts and are based on the same legal theories

d.    Plaintiff have no interests adverse or antagonistic to the interests of the other members of the Class and the Sub-Class.

e.    Plaintiffs will fairly and adequately protect the interests of the Class and the Sub-Class and Plaintiffs have retained experienced and competent attorneys to represent the Class and the Sub-Class.

f.    This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action.

g.    This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication of relatively small claims by many Class and Sub-Class members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class and Sub-Class members will continue to suffer losses of legally protected rights, as well as monetary damages. If Defendants' conduct is allowed proceed to without remedy, Defendants will continue to benefit financially from such conduct.

FILED DATE: 1/18/2024 4:21 PM   2024CH00349

h.      Defendants have acted on grounds generally applicable to the entire Class and Sub-Class, thereby making it appropriate for the Court to order final monetary, injunctive, and declaratory relief with respect to the Class and the Sub-Class as a whole.

42.     Defendant, its employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and Sub-Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

43.     The size and definition of the Class and Sub-Class can be identified by Defendant's own records, and the records of retailers of Defendant's Products.

**COUNT I**
**VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND
DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et seq.***

44.     Plaintiffs incorporate all of the allegations and statements made in Paragraphs 1 through 43 above as if fully reiterated herein.

45.     Plaintiffs are both a "person" as defined in 815 ILCS 505/1(c), as they are both natural persons.

46.     Defendant is a "person" as defined in 815 ILCS 505/1(c), as it is a company and a business entity and/or association.

47.     815 ILCS 505/2 states:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade

10

or commerce are hereby declared unlawful whether any person has
in fact been misled, deceived or damaged thereby.

48.     Through its representation of the Products as Natural Artisan Water, Defendant
made false promises, misrepresentations, concealments, suppressions, and omissions of material
facts, with the intent that Plaintiffs rely upon said false promises, misrepresentations,
concealments, suppressions, and omissions of material facts.

49.     815 ILCS 505/10a states:

> (a) Any person who suffers actual damage as a result of a violation
> of this Act committed by any other person may bring an action
> against such person. The court, in its discretion may award actual
> economic damages or any other relief which the court deems
> proper...

> (c) [T]he Court may grant injunctive relief where appropriate and
> may award, in addition to the relief provided in this Section,
> reasonable attorney's fees and costs to the prevailing party.

50.     In taking the actions and omissions set forth above, and making the false promises,
misrepresentations, concealments, suppressions, and omissions of material facts set forth above,
Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act, including,
but not limited to, 815 ILCS 505/2.

51.     Defendant failed to comply with the requirements of the ILCFA, including, but not
limited to, 815 ILCS 505/2 as to the Class and Sub-Class members with respect to the above-
alleged transactions

52.     By reason thereof, Plaintiffs are entitled to a judgment against Defendant, declaring
that Defendant's conduct violated 815 ILCS 505/2, enjoining Defendant from engaging in similar
conduct in the future, and awarding actual damages, punitive damages, injunctive relief, costs, and
attorneys' fees.

FILED DATE: 1/18/2024 4:21 PM 2024CH00349

11

FILED DATE: 1/18/2024 4:21 PM    2024CH00349

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for a judgment against Defendant as follows:

a. An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

b. An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

c. An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d. Judgment against Defendant in an amount to be determined at trial;

e. An order for injunctive relief prohibiting such conduct by Defendant in the future;

f. Judgment against Defendant for Plaintiffs' attorneys' fees, court costs, and other litigation costs; and

g. Any other relief deemed just and proper by this Court.

## COUNT II
## COMMON LAW FRAUD

53. Plaintiffs incorporate all of the allegations and statements made in Paragraphs 1 through 43 above as if fully reiterated herein.

54. Through its false statements that the Products contained "Natural Artisan Water", Defendant made false statements of material fact.

55. At the time Defendant made its statements to Plaintiffs that the Products contained "Natural Artisan Water", it knew, or reasonably should have known, that the statements described above were false.

12

FILED DATE: 1/18/2024 4:21 PM 2024CH00349

56.     At the time Defendant made the statements to Plaintiff, Defendant intended to induce Plaintiff to purchase the Products.

57.     Plaintiff relied upon the truth of the statements described above and purchased the Products, only to find that the Products he purchased contained microplastics.

58.     As a result of their reasonable reliance upon Defendant's false statements of material fact as set forth above, Plaintiffs and other members of the Class and Sub-Class have suffered concrete and particularized injuries, harm, and damages which include, but are not limited to, the loss of money spent on products that did not provide them with the benefit of the bargain they paid money for, and stress, aggravation, frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for a judgment against Defendant as follows:

a.   An order certifying the Class and the Sub-Class and appointing Plaintiffs as Representative of the Class and the Sub-Class;

b.   An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

c.   An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d.   Judgment against Defendant in an amount to be determined at trial;

e.   An order for injunctive relief prohibiting such conduct by Defendant in the future;

13

FILED DATE: 1/18/2024 4:21 PM    2024CH00349

    f.  Judgment against Defendant for Plaintiffs' attorneys' fees, court costs, and other litigation costs; and

    g.  Any other relief deemed just and proper by this Court.

**COUNT III**
**UNJUST ENRICHMENT**

59.    Plaintiffs incorporate all of the allegations and statements made in Paragraphs 1 through 43 above as if fully reiterated herein.

60.    Plaintiff conferred monetary benefits to Defendant by purchasing the Products.

61.    Defendant has been unjustly enriched by retaining the revenues derived from Plaintiff's purchase of the Products based on the false statements that the Products contained "Natural Artisan Water".

62.    Defendant's retention of the revenue it received from Plaintiff, and the Class and Sub-Class members, is unjust and inequitable because Defendant's false statements caused injuries to Plaintiffs, and the Class and Sub-Class members, as they would not have purchased the Products, or would not have paid a premium price, if they knew the Products contained microplastics.

63.    Defendant's unjust retention of the benefits conferred on it by Plaintiffs, and the Class and Sub-Class members, entitles Plaintiffs, and the Class and Sub-Class members, to restitution of the money they paid to Defendant for the Products.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for a judgment against Defendant as follows:

    h.  An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

14

FILED DATE: 1/18/2024 4:21 PM   2024CH00349

i.  An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

j.  An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

k.  Judgment against Defendant in an amount to be determined at trial;

l.  An order for injunctive relief prohibiting such conduct by Defendant in the future;

m.  Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

n.  Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and costs to be awarded should Plaintiff prevails on any of their claims in this action.

RESPECFULLY SUBMITTED,

JOHN DALY

Attorney for Plaintiffs
Illinois Attorney No. 6276496
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340

15

FILED DATE: 1/18/2024 4:21 PM 2024CH00349

Woodland Hills, CA 91364
Phone: (323) 306-4234
Fax: (866) 633-0228
tfriedman@toddflaw.com

_____
Steve G. Perry
Attorney for Plaintiffs
Illinois Attorney No. 6330283
Cook County Attorney No.: 63294
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, IL 60062
Phone: (224) 218-0875
Fax: (866) 633-0228
Steven.perry@toddflaw.com

16

1910 - No Fee Paid
1919 - Fee Paid
Jury Demand                                               (Rev. 12/01/20) CCG 0067

FILED DATE: 1/18/2024 4:21 PM  2024CH00349

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY _____ DEPARTMENT/ 1ST _____ DISTRICT

JOHN DALY,

v.                                    No. _____

THE WONDERFUL COMPANY LLC,

### JURY DEMAND

The undersigned demands a jury trial.

_____
(Signature)

❑ Atty. No.:  63294 _____
Name:  Steven G. Perry _____
Atty. for:  Plaintiff, John Daly _____
Address:  707 Skokie Blvd., Suite 600 ____
City/State/Zip:  Northbrook, IL 60062 _____
Telephone:  224-218-0875 _____      Dated: January 18, 2023 _____
Primary Email:  steven.perry@toddflaw.com ___

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

FILED DATE: 1/18/2024 4:21 PM   2024CH00349

**Appearance and Jury Demand \***                                                     **(12/01/20) CCG 0009**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
_____ COUNTY   DEPARTMENT/ <u>1ST</u> DISTRICT

| | |
|---|---|
| JOHN DALY, | Case No. _____ |
| Plaintiff | Claimed $: _____ |
| v. | Return Date: _____ Time: _____ |
| THE WONDERFUL COMPANY LLC | Court Date: _____ Room No.: _____ |
| Defendant | |
| | Address of Court District for Filing |

### APPEARANCE AND JURY DEMAND *

☑ General Appearance    ☑ 0900 - Fee Paid           ☐ 0904 - Fee Waived
                    ☐ 0908 - Trial Lawyers Appearance - No Fee
☑ Jury Demand *      ☐ 1900 - Appearance and Jury Demand/Fee Paid    ☐ Twelve-person Jury
                    ☐ 1904 - Appearance and Jury Demand/No Fee Paid    ☐ Six-person Jury

The undersigned enters the appearance of:  ◉ Plaintiff  ○ Defendant

Litigant's Name: John Daly
_____

Signature: /s/ _____

☑ Initial Counsel of Record    ☐ Pro Se (Self-represented)      ☐ 2810  Rule 707 Out-of-State Counsel
                                                   (pro hac vice)
☐ Additional Appearance    ☐ Substitute Appearance

◉ Atty. No.: 63294 _____ ○ Pro Se 99500

Name: Steven G. Perry
Atty. for (if applicable):
Plaintiff, John Daly

Address: 707 Skokie Blvd., Suite 600

City: Northbrook

State: IL  Zip: 60062  Phone: (224) 218-0875

Primary Email: steven.perry@toddflaw.com

> **IMPORTANT**
> _Once this Appearance form is filed, photocopies of this form must be sent to all other parties named in this case (or to their attories) using either regular mail, fax, email or personal delivery. (See Illinois Supreme Court Rules 11 and 13 for more information.)_

Pro Se Only:
☐ I have read and agree to the terms of Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**\* Strike demand for trial by jury if not applicable.**
I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

/s/ _____
Attorney for ◉ Plaintiff  ○ Defendant

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 1

FILED DATE: 1/18/2024 4:21 PM  2024CH00349

**Chancery Division Civil Cover Sheet**
**General Chancery Section**                                        (12/01/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

JOHN DALY,
_____
                                              Plaintiff

                    v.                                    Case No: _____

THE WONDERFUL COMPANY LLC
_____
                                              Defendant

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | | | | |
|---|---|---|---|---|---|
| 0005 | ☐ Administrative Review | | 0017 | ☐ Mandamus | |
| 0001 | ☑ Class Action | | 0018 | ☐ Ne Exeat | |
| 0002 | ☐ Declaratory Judgment | | 0019 | ☐ Partition | |
| 0004 | ☐ Injunction | | 0020 | ☐ Quiet Title | |
| | | | 0021 | ☐ Quo Warranto | |
| 0007 | ☐ General Chancery | | 0022 | ☐ Redemption Rights | |
| 0010 | ☐ Accounting | | 0023 | ☐ Reformation of a Contract | |
| 0011 | ☐ Arbitration | | 0024 | ☐ Rescission of a Contract | |
| 0012 | ☐ Certiorari | | 0025 | ☐ Specific Performance | |
| 0013 | ☐ Dissolution of Corporation | | 0026 | ☐ Trust Construction | |
| 0014 | ☐ Dissolution of Partnership | | 0050 | ☐ Internet Take Down Action (Compromising Images) | |
| 0015 | ☐ Equitable Lien | | | | |
| 0016 | ☐ Interpleader | | | ☐ Other (specify) _____ | |

○ Atty. No.: 63294_____   ○ Pro Se 99500

Atty Name: Steven Perry, Law Offices of Todd M. Friedman, PC

Atty. for: John Daly, Plaintiff

Address: 707 Skokie Blvd., Suite 600

City: Northbrook          State: IL

Zip: 60062

Telephone: 224-218-0875

Primary Email: steven.perry@toddflaw.com

Pro Se Only:  ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 1

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 1

FILED
1/18/2024 4:55 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH00349
Calendar, 1
26031880

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**CHANCERY DIVISION**

FILED DATE: 1/18/2024 4:55 PM 2024CH00349

| | | |
|---|---|---|
| JOHN DALY | ) | |
| individually and on behalf of all others similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 2024CH00349 |
| | ) | |
| v. | ) | |
| | ) | |
| THE WONDERFUL COMPANY LLC | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Now comes the Plaintiff, John Daly, by and through his attorneys, and brings this Motion

for Class Certification against Defendant, THE WONDERFUL COMPANY, LLC, individually

and on behalf of a class and sub-class of all others similarly situated. In support thereof, Plaintiff

allege and state as follows:

1.      On December 17, 2022, Plaintiff John Daly purchased one case of Products labeled,

marketed, and sold as "Natural Artisan Water", from a Meijer.

2.      When Plaintiff purchased the product he believed that the product would contain

Natural Water. However, the Products contained microplastics. A more thorough explanation of

the facts may be found in Plaintiff's Complaint.

3.      As a result of Defendant's acts and omissions outlined above, Plaintiff have

suffered concrete and particularized injuries, harm, and damages, which include, but are not

limited to, the following:

        a.      Lost money;

        b.      Wasting Plaintiffs' time; and

FILED DATE: 1/18/2024 4:55 PM  2024CH00349

c.      Stress, aggravation, frustration, inconvenience, loss of trust, loss of serenity, and loss of confidence in product labeling.

4.      Plaintiffs bring claims, pursuant to 735 ILCS 5/2-801, *et seq.*, individually and on behalf of the following class (the "Class"): All persons within the United States who purchased the Products within five years prior to the filing of the Complaint through the date of class certification.

5.      Plaintiffs also bring claims, pursuant to 735 ILCS 5/2-801, *et seq.*, individually and on behalf of the following sub-class (hereinafter the "Sub-Class"): All persons within the State of Illinois who purchased the Products within five years prior to the filing of the Complaint through the date of class certification.

6.      Illinois Rule of Civil Procedure section 5/2-801 states that an action may be maintained as a class action in any court of this state if the court finds that:

(1)     The class is so numerous that joinder of all members is impracticable.

(2)     There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3)     The representative parties will fairly and adequately protect the interest of the class.

(4)     The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801.

7.      The Class and the Sub-Class satisfy all of the requirements of the Illinois Code of Civil Procedure for maintaining a class action, specifically:

2

FILED DATE: 1/18/2024 4:55 PM   2024CH00349

a.    Upon information and belief, the Class and the Sub-Class are so numerous that joinder of all members is impracticable. On information and belief there are hundreds, if not thousands of individuals in the United States and the State of Illinois who purchased the products within the applicable statute of limitations period.

b.    There are questions of fact and/or law which are common to the Class and the Sub-Class, and which predominate over questions affecting any individual Class or Sub-Class members. These common questions of fact and law include, but are not limited to:

    i.    Whether Defendant disseminated false and misleading information by claiming the Products are "Natural Artisan Water";

    ii.    Whether the Class and Sub-Class members were informed that the Products contained microplastics;

    iii.    Whether the Products contains microplastics;

    iv.    Whether Defendant's conduct was unfair and deceptive;

    v.    Whether Defendant unjustly enriched itself as a result of the unlawful conduct alleged above;

    vii.    Whether there should be a tolling of the statute of limitations; and

    viii.    Whether the Class and Sub-Class members are entitled to restitution, actual damages, punitive damages, and attorneys' fees and costs.

3

FILED DATE: 1/18/2024 4:55 PM  2024CH00349

c.      Plaintiffs' claims are typical of the Class and the Sub-Class, which all arise from the same operative set of facts and are based on the same legal theories

d.      Plaintiffs have no interests adverse or antagonistic to the interests of the other members of the Class and the Sub-Class.

e.      Plaintiffs will fairly and adequately protect the interests of the Class and the Sub-Class and Plaintiffs have retained experienced and competent attorneys to represent the Class and the Sub-Class.

f.      This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action.

.g.     This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication of relatively small claims by many Class and Sub-Class members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class and Sub-Class members will continue to suffer losses of legally protected rights, as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy, Defendant will continue to benefit financially from such conduct.

h.      Defendant has acted on grounds generally applicable to the entire Class and Sub-Class, thereby making it appropriate for the Court to order final

4

monetary, injunctive, and declaratory relief with respect to the Class and the Sub-Class as a whole.

5.    Plaintiff believes that upon completion of discovery in this matter, Plaintiff will be able to prove each of the allegations to the satisfaction of this Court. Therefore, Plaintiff requests the Court defer any ruling on this motion until after discovery has closed and Plaintiff has filed an amended or supplemental motion for class certification.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter an order certifying the proposed class and sub-class, but defer any ruling on this Motion until after discovery has been completed and Plaintiff has filed an amended or supplemental motion for class certification.

RESPECTFULLY SUBMITTED,

JOHN DALY

Steve G. Perry
Attorney for Plaintiff
Illinois Attorney No. 6330283
Cook County Attorney No. 63294
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, Illinois 60062
Phone: (224) 218-0875
Fax: (866) 633-0228
Steven.perry@toddflaw.com

FILED DATE: 1/18/2024 4:55 PM   2024CH00349

FILED DATE: 1/18/2024 4:55 PM 2024CH00349

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Plaintiffs' Motion for Class Certification was served upon the following party, alongside the summons and complaint, by submitting it to the process server and, by depositing the same in the U.S. Mail on January 18, 2024, with proper first-class postage prepaid thereon:

> THE WONDERFUL COMPANY LLC
> c/o the Corporation Trust Company (Registered Agent)
> Corporation Trust Center 1209 Orange St,
> Wilmington, DE, 19801

Steven G. Perry
Attorney for Plaintiffs

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BARBARA DELUCA; ET AL.,

Civil Action No.: 1:19-cv-10498-LAK

Plaintiff(s),

    -against-

GPB AUTOMOTIVE PORTFOLIO, LP; ET AL.,    **AFFIDAVIT OF SERVICE**

Defendant(s).
-----------------------------------------------------------X
STATE OF DELAWARE      )
                         s.s :
COUNTY OF NEW CASTLE   )

      SHARLENE BROOKS, being duly sworn, deposes and says that she is an agent of KEATING & WALKER ATTORNEY SERVICE, INC. at 116 Nassau Street, Suite 816, New York, New York 10038, is over the age of eighteen years and is not a party to the action.

      That on the 23rd day of January, 2024, at approximately 1:51 p.m., deponent served a true copy of the **Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action (with Schedule A attached)** upon Deloitte Transactions and Business Analytics LLP c/o Corporation Service Company - Registered Agents at 251 Little Falls Drive, Wilmington, DE 19808 by personally delivering and leaving the same in an intake basket at the front desk, in the presence of "Jane Doe", Corporation Service Company employee. This is Corporation Service Company's current policy for service of legal papers. Representatives no longer accept in-hand service or give their names.

      "Jane Doe" is a Caucasian female, approximately 57 years of age, stands approximately 5 feet, 6 inches tall, weighs approximately 150 pounds and has brown hair.


_____ 1/24/2024
Subscribed & sworn to (or affirmed) before    SHARLENE BROOKS
me this 24\_\_\_ day of January, 2024, by
SHARLENE BROOKS, personally
known to me or proved to me on the basis of
satisfactory evidence to be the person who appeared
before me.


_____
NOTARY PUBLIC, STATE OF DELAWARE