## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JOHN DALY, PERRY A. BRUNO, JEANA DRISH, ANGIE ESPINOZA, and MOUSSA KOUYATE, individually and on behalf of all others similarly situated, | Case No. 1:24-cv-01267 |
| Plaintiff, | The Honorable Matthew F. Kennelly |
| v. | |
| THE WONDERFUL COMPANY, LLC, | |
| Defendants. | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**Law Offices of Todd M. Friedman, P.C.**
Steven G. Perry
Steven.perry@toddflaw.com
707 Skokie Blvd., Suite 600
Northbrook, Illinois 60062
Phone: (224) 218-0875
Fax: (866) 633-0228

Todd M. Friedman
tfriedman@toddflaw.com
21031 Ventura Blvd., #340
Woodland Hills, California 91364
Phone: (323) 306-4234
Fax: (866) 633-0228

## I.    INTRODUCTION

Plaintiffs John Daly, Perry A. Bruno, Jeana Drish, Angie Espinoza, and Moussa Kouyate ("Plaintiffs") respectfully submit this memorandum in support of their motion for leave to file a Second Amended Complaint.  Fed. R. Civ. P. 15(a)(2) states that "[t]he Court should freely give leave [to amend a pleading] when justice so requires." This Honorable Court dismissed Plaintiffs First Amended Complaint because it did not contain supporting allegations for the claim that Defendant The Wonderful Company LLC's, ("Defendant"), Fiji bottled water products (the "Products") contain microplastics. See Dkt. No. 41 p. 14.

Justice requires this Court to grant Plaintiffs leave to file the Second Amended Complaint because it contains additional allegations supporting the claims that Defendant's Products are contaminated with microplastics. Leave to file an amended complaint should be granted so long as is it not sought for reasons such as undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment. *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 76 (N.D. Ill. 2016), quoting *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). See also *Patrick v. City of Chicago*, 103 F.Supp.3d 907, 916 (N.D. Ill. 2015); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible."). Plaintiffs' are not seeking to amend for reasons of undue delay, bad faith, or dilatory motive; instead Plaintiffs seek to correct the problems identified in the Court's March 3, 2025 Order. Dkt. No. 41.  Plaintiffs must be granted leave to amend so that Defendant's alleged fraudulent conduct in the mislabeling and contamination of the Products is not allowed to go unchecked.

1

## II.    BACKGROUND

### A. The Present Action

This action was filed on January 18, 2024 in the Circuit Court of Cook County. Dkt. No. 1-1. Plaintiffs allege that Defendant's Fiji bottled water products (the "Products") are contaminated with microplastics when they are labeled as "Natural Artesian Water", which Plaintiffs contend is in violation Illinois Consumer Fraud and Deceptive Businesses Practices Act ("ILCFA"), 815 ILCS 505/1 *et seq.*, common law fraud, unjust enrichment, Pennsylvania Unfair Trade Practices and Consumer Protection Law, Nevada Deceptive Trade Practices Act, NRS 598, *et seq.*, and New York General Business Law ("G.B.L") §§ 349, 350. Plaintiffs' Proposed Second Amend. Complaint ("SAC") ⁋ 1, attached to Plaintiffs' Motion as Exhibit A. On February 14, 2024, Defendant removed the action to this court. Subsequently, Plaintiffs were granted leave to amend to file a First Amended Complaint ("FAC"), to add Plaintiffs Perry A. Bruno, Jeana Drish, Angie Espinoza, and Moussa Kouyate, additional allegations regarding the circumstances around Plaintiffs' purchase of the Products, and causes of action for violations of Pennsylvania Unfair Trade Practices and Consumer Protection Law, Nevada Deceptive Trade Practices Act, NRS 598, *et seq.*, and New York General Business Law ("G.B.L") §§ 349, 350. See Dkt. No. 24.

On August 28, 2024, Defendant filed a Motion to Dismiss Plaintiffs' FAC in part arguing that Plaintiffs failed to establish evidence of microplastic contamination in the Products. See Dkt. No. 27. Plaintiffs strenuously opposed these arguments on the grounds that Plaintiffs explicitly alleged that the products their purchased contained microplastics, and the evidence from Plaintiffs' counsel's investigation is protected work product. See Dkt. No. 31. On March 3, 2025, this Honorable Court granted in part and denied in part Defendant's Motion to dismiss, holding that Plaintiffs' allegations that the Products contain microplastics were unsupported. Dkt. No. 41.

Now, Plaintiffs seek leave to file a proposed Second Amended Complaint ("SAC") to correct the deficiencies of the FAC identified by this Honorable Court. The SAC contains explicit allegations that Plaintiffs' Counsel, the Law Offices of Todd M. Friedman P.C., performed preliminary scientific investigations establishing that Plaintiffs' Products are contaminated with microplastics, that these preliminary scientific investigations were performed in anticipation of litigation, and that Plaintiffs have already hired an independent expert and scheduled independent testing for June 2025. SAC ₧ 2-4. Plaintiffs' SAC also includes additional allegations clarifying how Plaintiffs were damaged by Defendant's conduct. SAC ₧ 54, 55. Plaintiffs' SAC provides sufficient support to establish that Plaintiffs are not speculating about microplastic contamination in the Products, without breaching Plaintiffs' Work Product protections to keep consultation experts, preliminary investigations, attorney mental impressions, and documents created in anticipation of litigation confidential.

## III.    LEGAL STANDARD

"Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Barry Aviation*, 377 F.3d at 687. "The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that plaintiff be given every opportunity to cure a formal defect in his pleading…Amendment should be refused only if it appears to a certainty that plaintiff cannot state a claim." *Id*., citing 5A Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2nd ed. 1990). Leave to file an amended complaint should be granted so long as is it not sought for reasons such as undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment. *McDaniel v. Loyola Univ. Med. Ctr.*,

317 F.R.D. 72, 76 (N.D. Ill. 2016), quoting *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). See also *Patrick v. City of Chicago*, 103 F.Supp.3d 907, 916 (N.D. Ill. 2015); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible.").

## IV.  ARGUMENT

### a.  Leave to Amend Must be Granted.

Leave to file an amended complaint should be granted so long as is it not sought for reasons such as undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment. *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 76 (N.D. Ill. 2016), quoting *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). See also *Patrick v. City of Chicago*, 103 F.Supp.3d 907, 916 (N.D. Ill. 2015); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible."). Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires."

Here, this Honorable Court dismissed Plaintiffs' FAC for failure to state a claim for relief because Plaintiffs did not include specific enough allegations that the Products contained microplastics. Dkt. No. 41 p. 14. The Court explicitly stated that it believed the allegations that the Products contained microplastics were unsupported, and provided guidance that Plaintiffs must include supporting allegations establishing that the Products actually contain microplastics. *Id.* The Court also stated that "Allowing a suit of this type to proceed on this basis would basically open

the door to enabling any purchaser of any consumable product to file a lawsuit simply saying, "I bought product X, and it contains microplastics" (or "forever" chemicals, or heavy metals, or whatever) and thereby get past a motion to dismiss and into discovery and class certification proceedings. Given the context (consumable products claimed to include contaminants), plausibility requires more." *Id.* Amendment to the pleadings in this case is not futile, as Plaintiffs are able to include supporting allegations establishing that Plaintiffs' Products contain microplastics. The exact problem with the FAC identified by this Honorable Court will be corrected by the SAC as described in more detail below. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible."). "The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that plaintiff be given every opportunity to cure a formal defect in his pleading…Amendment should be refused only if it appears to a certainty that plaintiff cannot state a claim." *Barry Aviation*, 377 F.3d at 687. Federal judicial policy requires that Plaintiffs be provided the opportunity to file a SAC alleging support for Plaintiffs' claims that the Products contain microplastics.

   b. **Plaintiffs' Second Amended Complaint contains Plausible Allegations that the Products Contain Microplastics**
      1. **Plaintiffs Amendments to the Pleadings are Sufficient According to This Court's Previous Order**

This Court explicitly stated that "It would perhaps be sufficient if plaintiffs had cited to relatively contemporaneous tests of other bottles of Fiji Water…" Dkt. No. 41 p. 13. Plaintiffs' SAC contains seven new paragraphs providing further supporting Plaintiffs' claims for relief for violations of the consumer protection statutes. SAC ¶ 2-4, 47-48, 54-55. Specifically, Plaintiffs allege that "The Law Offices of Todd M. Friedman P.C. performed a scientific investigation and

analysis on bottles of Defendant's Fiji bottled water purchased by Plaintiffs to establish whether the water contained microplastics. This investigation established that Fiji bottled water products purchased by Plaintiffs contained microplastics. Plaintiffs and Plaintiffs' Counsel assert that the actual investigation materials, results, mental impressions, and related documents are protected attorney work product prepared in anticipation of litigation." SAC ℙ 2. Plaintiffs also allege that they "retained Dr. James V. Cidziel as a testifying expert to perform an independent analysis of the Plaintiffs' Fiji bottled water, and to provide an expert report during discovery. Dr. Cidziel will be provided with bottles of Product actually purchased by the Plaintiffs in order to perform independent tests for microplastic contamination. Dr. Cidziel is a professor and interim chair at the Department of Chemistry and Biochemistry at the University of Mississippi. Dr. Cidziel performs research in the areas of analytical chemistry, environmental chemistry, and forensic chemistry including published research on the detection of microplastics in the environment." SAC ℙ 3. Each of Plaintiffs' amendments provided in the SAC, including Paragraphs No. 2, 3, 4, 47, 48, 54, and 55 provide additional support for Plaintiffs' claims for relief. Additionally, Plaintiffs have removed references to injunctive relief in compliance with the Court's dismissal of those claims for lack of standing.

Furthermore, Plaintiffs have consistently cited to a study performed across eleven brands in nine countries and explicitly states "Ninety-three percent, ("93%"), of bottled water showed signs of microplastic contamination." See Dkt. No. 25; SAC ℙ 19. Plaintiffs also alleged that contamination occurs during the manufacturing plastic bottles or potentially when plastic bottles are opened. SAC ℙ 20-21. Plaintiffs' allegations provide a reasonable inference that microplastic contamination is not a brand specific issue. *Id.* Based on those allegations alone, a consumer has $(0.07)^6$ or approximately 1 in 8,500,000 likelihood of buying a six pack of uncontaminated bottled

6

water. The likelihood of being struck by lightning in the United States is approximately 1 in 15,300. What Are the Chances of Being Struck by Lightning?, Britannica, https://www.britannica.com/question/What-are-the-chances-of-being-struck-by-lightning (last visited Mar. 13, 2025). The likelihood that none of Defendant's bottles are contaminated is so low it is beyond reasonable plausibility. In that context, Plaintiffs allegations that Defendant sold them contaminated Products were already sufficiently plausible. See *Allred v. Kellogg Co.,* No. 17-CV-1354-AJB-BLM, 2018 WL 1158885, at *2 (S.D. Cal. Feb. 23, 2018) (concluding that allegations were sufficiently plausible where the plaintiffs alleged supporting information about malic acid production and the defendant's use of synthetic malic acid.) The same reasoning here applies to this Court's guidance that "It would perhaps be sufficient if plaintiffs had cited to relatively contemporaneous tests of other bottles of Fiji Water (whether opened or unopened)". Dkt. No. 41 p. 13. Those allegations would not directly show Plaintiffs' actual bottles were contaminated. If Plaintiffs may plausibly allege that their bottles were contaminated because other Fiji bottles, they did not purchase, were contaminated their claims must fundamentally rest on the probability of their actual Products' contamination.

Therefore, Plaintiffs are providing sufficiently plausible allegations that their Products contain microplastics and must be given leave to amend.

### 2. Plaintiffs Allegations Do Not Require Evidence to be Sufficiently Plausible

"**A complaint need not 'allege all, or any, of the facts logically entailed by the claim,' and it certainly need not include evidence**." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008), citing *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (emphasis added). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic v.*

7

*Twombly*, 550 U.S. 544, 570 (2007). "Litigants are entitled to discovery before being put to their proof, and treating the allegations of the complaint as a statement of the party's proof leads to windy complaints and defeats the function of Rule 8." *Bennett*, 153 F.3d at 519 (citations omitted). "A plaintiff's complaint need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis. *Tamayo*, 526 F.3d at 1081, citing Fed. R. Civ. P. 8(a)(2) and *Bell Atlantic*, 550 U.S. at 555. If a complaint contains well-pleaded factual allegations, then a court should assume that the allegations are true when determining if they are plausible enough to entitle the plaintiff to relief. *Id*.

While Fed. R. Civ. P. 9(b) "does not require a plaintiff to plead facts that if true would show that the defendant's alleged misrepresentations were indeed false, it does require the plaintiff to state 'the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'" *Uni\*Quality, Inc. v. Infotronx, Inc*., 974 F.2d 918, 923 (7th Cir. 1992), citing *Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677, 683 (7th Cir.1992).

Allegations that a product contains a substance are sufficiently plausible when they are unequivocal. *See Noohi v. Kraft Heinz Co.,* No. CV 19-10658 DSF (SKx), at \*6 (C.D. Cal. July 20, 2020) (order denying motion to dismiss), (holding that the plaintiffs' allegations that their products contain synthetic malic acid were sufficiently plausible because they unequivocally alleged that the products do in fact contain synthetic malic acid); *Marotto v. Kellogg Co.,* No. 18 CIV. 3545 (AKH), 2018 WL 10667923, at \*7 (S.D.N.Y. Nov. 29, 2018) (holding plaintiffs allegations were sufficiently plausible where "Plaintiff distinguishes the natural and artificial forms of the ingredients and alleges that the Product contains the latter form"); *Allred v. Kellogg*

8

*Co.*, No. 17-CV-1354-AJB-BLM, 2018 WL 1158885, at *2 (S.D. Cal. Feb. 23, 2018) (concluding

that allegations were well pled where the plaintiffs alleged supporting information about malic

acid production and the defendant's use of synthetic malic acid.). see also *ABMM, Inc. v. Focus*

*Logistics Transportation*, No. 17 C 5268, 2017 WL 3978186, at *3 (N.D. Ill. Sept. 11, 2017)

(holding that a plaintiff's allegations of acceptance of an offer were well pled when the complaint

was unequivocal in its allegations of contract formation).

Here, Plaintiffs allegations in the SAC that the Products contain microplastics are

sufficiently plausible, because they are unequivocal. SAC ℙ 47-48. Plaintiffs explicitly allege that

a preliminary investigation has already established that the Products contain microplastics,

Plaintiffs' purchased Products actual contain microplastics, and Plaintiffs have already hired an

independent testimonial expert for independent scientific analysis scheduled for June, 2025. *Id*.

Plaintiffs are not required to include factual proof of their allegations, including results of

preliminary investigations performed by the Law Offices of Todd M. Friedman P.C. or any other

information protected by Attorney Work Product protections. *See Tamayo v. Blagojevich*, 526

F.3d 1074, 1081 (7th Cir. 2008), (holding that complaints do not need to contain evidence to satisfy

pleading standards).

Likewise, Fed. R. Civ. P. 9(b) only requires Plaintiffs to state "'the identity of the person

making the misrepresentation, the time, place, and content of the misrepresentation, and the

method by which the misrepresentation was communicated to the plaintiff.'" *Uni\*Quality, Inc. v.*

*Infotronx, Inc*., 974 F.2d 918, 923 (7th Cir. 1992), citing *Bankers Trust Co. v. Old Republic Ins.*

*Co.,* 959 F.2d 677, 683 (7th Cir.1992). Plaintiffs plausibly allege Defendant's identify, the date

Plaintiffs purchased the Products, where Plaintiffs purchased the Products, the misrepresentation

that the Products are natural, and that the misrepresentations were made on the Products' labeling

without disclosing Attorney Work Product by including evidence of Plaintiffs' preliminary investigation. See SAC.  Fed. R. Civ. P. 9(b) does not require pleading evidence of Plaintiffs claims. *See Uni\*Quality, Inc. v. Infotronx, Inc.,* 974 F.2d 918, 923 (7th Cir. 1992); *Noohi v. Kraft Heinz Co.,* No. CV 19-10658 DSF (SKx), at \*6 (C.D. Cal. July 20, 2020). Therefore, Plaintiffs claims that the Products they purchased contained microplastics are sufficiently plausible.

## V.      CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Leave to File a Second Amended Complaint, and grant any other relief deemed necessary.

Respectfully submitted,

By: /s/ Steven G. Perry
Attorney for Plaintiffs
Illinois Attorney No. 6330283
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, Illinois 60062
Phone: (224) 218-0875
Fax: (866) 633-0228
Steven.perry@toddflaw.com


Todd M. Friedman
tfriedman@toddflaw.com
21031 Ventura Blvd., #340
Woodland Hills, California 91364
Phone: (323) 306-4234
Fax: (866) 633-0228

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on March 20, 2025, a copy of the foregoing Memorandum in Support of Motion for Leave to file a Second Amended Complaint filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

<u>/s/ Steven G. Perry</u>
Attorney for Plaintiff
